■ HI FASHION WIGS, INC., Plaintiff, v. PETER HAMMOND ADVERTISING, INC., Appellant, and HAMMOND MEDIA CORP. and ano., Defendants. MIKE SCHUMINSKY, Impleaded Defendant-Respondent.— In an action to recover damages for alleged wrongdoing in connection with an agreement under which defendants were to place advertising for plaintiff, defendant Peter Hammond Advertising, Inc., appeals from an order of the Supreme Court, Nassau County, dated August 21, 1972, which granted a motion by the impleaded defendant to dismiss the third-party summons and cause of action of said defendant against said impleaded defendant. Order affirmed, with $20 costs and disbursements. No opinion. Rabin, P. J., Martuscello, Latham and Shapiro, JJ., concur; Hopkins, J., dissents and votes to reverse and deny the motion, with the following memorandum: The sole issue before us is whether respondent is subject to the jurisdiction of New York in this litigation (CPLR 302, subd. [a], par. 1). Respondent is the president of plaintiff, Hi Fashion Wigs, Inc., an Oklahoma corporation, having an office in Mineola, New York. Hi Fashion and appellant, a New York corporation engaged in the advertising business, entered into a contract calling for the placing of advertising copy in the news media. Respondent signed a guarantee of the payment of the compensation due to appellant under the contract. Hi Fashion in this action sues appellant for damages on the ground of fraud. Appellant has interposed causes of action for unpaid compensation against both Hi Fashion and respondent, a resident of Oklahoma. Respondent moved to dismiss the third-party summons and complaint served on him in Oklahoma on the ground that New York did not have jurisdiction over him. On that issue a hearing was held. Special Term found that the guarantee was delivered by respondent in New York. At the hearing, uncontroverted evidence established that the contract contemplated work to be done by appellant in New York and that work in fact was done under the contract in New York.. On the total facts it is my opinion that New York has jurisdiction over respondent. The question of personal jurisdiction is always related to purposeful activity in New York by the party sought to be charged — activity which may consist of one or several acts (*Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke*, 15 N Y 2d 443, 457–458). It is the quality and not the quantity of the activity which is the test. Here, respondent delivered personally to appellant in New York the guarantee which is the subject of appellant's claim (cf. *Banco Espanol de Credito* v. *Du Pont,*. 24 A D 2d 445). Moreover, the guarantee cannot be separated from the contract to which it pertained. That contract involved work to be performed in New York and the party for which the guarantee was delivered has sued for damages arising out of the performance of the contract

in New York. Looking at the transaction as a whole, I find that kind of purposeful activity by respondent which satisfies the statute and renders it reasonable that respondent should answer in New York in the compass of the action which was brought by the corporation of which respondent is president (cf. *Elman* v. *Belson*, 32 A D 2d 422, 426). I do not think that *Ferrante Equip. Co.* v. *Lasker-Goldman Corp.* (26 N Y 2d 280) holds to the contrary. There, the indemnity issued by the defendant was not delivered by him in New York; as the opinion states, "respondent never entered New York in connection with any of the" business transactions (p. 282).